IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| AZTEC OIL & GAS, INC. and | § | Case No. 16-31895 |
| AZTEC ENERGY, LLC | § | |
| Debtors.[1] | § | Jointly Administered |

## AMENDED AFFIDAVIT OF KRISTIN N. RHAME IN SUPPORT OF DEBTORS' APPLICATION FOR APPROVAL OF RETENTION OF CHRISTIAN, SMITH & JEWELL, LLP AS BANKRUPTCY COUNSEL

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| COUNTY OF HARRIS | § | |

KRISTIN N. RHAME, being duly sworn, deposes and says:

1. "I am over eighteen years of age and have not been convicted of committing any felony.

2. I have personal knowledge of all of the facts stated in this Affidavit.

3. I am an attorney at law admitted to practice in the State of Texas.

4. I am an attorney at the law firm of Christian, Smith & Jewell, LLP ("CSJ"), which maintains offices for the practice of law at 2302 Fannin, 5th Floor, Houston, Texas 77002. The attorneys employed by the firm who will assist in the representation of the Debtors are duly authorized to practice law in the State of Texas and/or in various other state and federal courts.

5. This Amended Affidavit is submitted pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure, in support of the Debtors' Application for Approval of the Retention of Christian, Smith & Jewell, LLP as Bankruptcy Counsel (the "Application") filed

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Aztec Oil & Gas, Inc. (1902), Aztec Drilling & Operating, LLC. (7258), Aztec Operating Company (4057), Aztec Energy, LLC (8806), Aztec VIIIB Oil & Gas, LP (3613), Aztec VIIIC Oil & Gas, LP (2901), Aztec XA Oil and Gas, LP (9594) Aztec XB Oil & Gas, LP (3054) Aztec AC Oil & Gas, LP (7949), Aztec XI-A Oil & Gas, LP (7413), Aztec XI-B Oil & Gas, LP (7635), Aztec XI-C Oil & Gas, LP (9282), Aztec XI-D Oil & Gas, LP (2485), Aztec XII-A Oil & Gas, LP (8525), Aztec AII-B Oil & Gas, LP (9158), Aztec AII-C Oil & Gas, LP (8976), Aztec Comanche A Oil & Gas, LP (8651) and Aztec Comanche B Oil & Gas, LP (3795).

by Aztec Oil & Gas, Inc., *et al.* (the "Debtors"), debtors and debtors in possession in the above-captioned chapter 11 cases. The Court entered the order granting the Application on May 10, 2016.

6. In accordance with the requirements of section 327(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, CSJ neither holds nor represents any interest materially adverse to the Debtors or their estates with respect to the matters for which the Debtors propose to retain CSJ.

7. Neither I, CSJ, nor any of its partners, of counsel, associates or other attorneys, insofar as I have been able to ascertain, has any connection with the above-captioned Debtors, their creditors, or any other party in interest herein, or their respective attorneys, the United States Trustee or any person employed in the office of the United States Trustee, except as set forth herein. CSJ has made an investigation of disinterestedness prior to submitting this Affidavit, which includes conducting a firm-wide conflicts check as to the Debtors, their officers and directors, their secured creditors, and the Debtors' consolidated list of top 20 largest unsecured creditors.

8. CSJ has the following connections with the Debtors, its insiders and known creditors, other parties in interest, and their respective attorneys and accountants:

- CSJ currently represents Aztec Oil & Gas, Inc. and Aztec Energy, LLC, the Debtors, in litigation filed in April 2015 in the Southern District of Texas- Houston Division, in a securities litigation matter which is currently stayed. CSJ has been paid in full for that representation and is not a creditor.[2]

- CSJ represented the following Debtors: Aztec VIIIB Oil & Gas, LP, Aztec VIIIC Oil & Gas, LP, Aztec XA Oil & Gas, LP, Aztec XB Oil & Gas, LP, Aztec XC Oil & Gas, LP, Aztec XI-A Oil & Gas, LP, Aztec XI-B Oil & Gas, LP, Aztec XI-C Oil & Gas, LP, Aztec XI-D Oil & Gas, LP, Aztec XII-A Oil & Gas, LP, Aztec XII-B Oil & Gas, LP, Aztec XII-C Oil & Gas, LP, Aztec Comanche A Oil & Gas, LP, Aztec Comanche B Oil & Gas, LP (the "Limited Partner Debtors") and any related entities including Debtors Aztec Drilling & Operating, LLC and Aztec Energy, LLC in connection with an Asset Purchase Agreement dated November 1, 2015.

---

[2] Original Case No. 4:15-cv-00866, which has now been removed to this Court as an Adversary Proceeding and is docketed under Case No. 16-03107.

- CSJ represented the Debtors Aztec Oil & Gas, Inc. and Aztec Drilling & Operating, LLC in the defense of a suit filed by Franklin C. Fisher, Jr. and CSI Energy, LP. CSJ filed one pleading on April 7, 2016 prior to the filing of the bankruptcy on April 13, 2016. This matter, which was pending under Cause No. 2015-76491, in the 129th Judicial District Court of Harris County, Texas has been stayed.

- CSJ currently represents certain members of the board of directors in their defense of <u>direct actions</u> asserted as third party claims by Defendants Frank Fisher, Robert Sonfield, and Livingston Growth Fund Trust in Adversary Proceeding Case No. 16-03107. As these are direct actions for which the individual directors would be liable (rather than the Debtors) there is no conflict of interest. These directors have not asserted any claims against the Debtors.

- CSJ previously represented certain members of the board of directors in their defense of derivative actions related to the third party claims by Defendants Frank Fisher, Robert Sonfield and Livingston Growth Fund Trust in Case No. 4:15-cv-00866. These claims were dismissed prepetition on January 21, 2016. These directors have not asserted any claims against the Debtors.

- CSJ provided nominal oversight on behalf of the Debtors for litigation pending in Nevada State Court which was filed by Franklin C. Fisher and the Livingston Growth Fund Trust. This case was removed and is pending as Adv. Case No. 16-03125.

9. CSJ is not a creditor of the Debtors. As set forth in the Disclosure of Compensation filed herewith, all prepetition fees and expenses of CSJ were paid prior to the filing of the petitions.

10. On March 17, 2016, the Debtors paid CSJ an initial retainer of $50,000.00. CSJ received additional retainers and payments totaling $305,890.32 for services and expenses already rendered and to be rendered. Subsequent to receipt of the retainers and payments and prior to the Petition Date, CSJ applied $27,012.50 to invoices for legal services and reimbursable expenses rendered through the Petition Date. As of the Petition Date, the balance of the retainer was $277,877.82. If, after reconciliation of the amount of the prepetition drawdown and payment, CSJ's estimate of its prefiling fees and expenses is greater than the actual fees and expenses, CSJ will transfer such excess amount to the retainer account established for the Debtors. The retainer will be held in trust pending Court approval of postpetition compensation requests or further order of the Court.

11. CSJ will seek approval of payment of compensation upon CSJ's filing of appropriate applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code and consistent with procedures orders that may be entered by this Court approving interim requests.

12. Except as indicated above, the matters described in Paragraph 8 of this Affidavit do not prevent CSJ from being disinterested with respect to its current representation of the Debtors.

13. Neither I, nor CSJ currently represent the interests of any creditors or any equity security holder of any security of the Debtors in connection with the Debtors' case or any other matter other than as set forth in Paragraph 8 of this Affidavit.

14. CSJ does not believe that the representation described in Paragraph 8 will in any way interfere with or impair CSJ's independent, professional judgment in representing the Debtors.

15. CSJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that CSJ, its partners and attorneys:

    A. Are not creditors, equity security holders or insiders of the Debtors;

    B. Are not, and were not within 2 years before the date of the filing of the petitions, a director officer, or employee of the Debtors; and

    C. Do not have an interest materially adverse to the interest of the estate or of any class or creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

16. As set forth above, CSJ is being retained as bankruptcy counsel for the Debtors.

17. CSJ intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code and orders of this Court, on an hourly basis, plus reimbursement of actual and necessary expenses and other charges incurred by CSJ. The

range of billing rates currently in effect and charged by CSJ professionals designated to represent the Debtors are set forth below:

| Category of Service Provider | Low/High |
|---|---|
| Partners | $400/500 |
| Of Counsel | $250/350 |
| Associates/Staff Attorneys | $175/350 |
| Legal Assistants/Law Clerks | $100/125 |

The hourly rates are subject to periodic adjustments from time to time. Other attorneys and legal assistants may from time to time serve the Debtors in connection with the matters described herein. Also, on an as needed basis, CSJ uses contract attorneys who are billed at the rates set forth above.

21. No promises have been received by CSJ nor any partner or attorney thereof as to compensation in connection with this case, other than in accordance with the provisions of the Bankruptcy Code. CSJ has no agreement with any other entity to share with such entity any compensation received by CSJ in connection with this chapter 11 case."

Dated: June 21, 2016.

_Kristin N. Rhame_
KRISTIN N. RHAME

Sworn to and subscribed before me on this 21st day of June 2016, 2016.

_Kelli Rene' Fontenot_
Notary Public

My Commission Expires:



KELLI RENE' FONTENOT
Notary Public, State of Texas
My Commission Expires
September 26, 2019