Nicholas A. Foley
John D. Gaither
NELIGAN FOLEY LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
214.840.5300
214.840.5301 (fax)
Attorneys for Zaccanelli
Family Energy Ltd. and
Barry Schochet

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **HALLWOOD ENERGY, L.P.,** *et al.*, | ) | CASE NO. 09-31253-11 |
| | ) | |
| DEBTORS. | ) | JOINTLY ADMINISTERED |
| | ) | |
| | ) | Hearing Date:  9/30/09 |
| | ) | Hearing Time:  9:30 a.m. |

## MOTION TO CONVERT CASE TO CHAPTER 7

A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 30, 2009 AT 9:30 A.M. IN COURTROOM 1428, 1100 COMMERCE STREET, DALLAS, TEXAS 75242. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

TO THE HONORABLE STACEY G. C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

The Zaccanelli Family Energy Partners, Ltd. ("Zaccanelli") and Barry Schochet ("Schochet") (collectively the "Movants") file this motion (the "Motion") to request that the

Court convert this jointly-administered case (the "Bankruptcy Case") to a case under Chapter 7 of the Bankruptcy Code.[1] In support, the Movants show as follows:

## I. PRELIMINARY STATEMENT

1. By this Motion, the Movants request that this Bankruptcy Case be converted to a case under Chapter 7 of the Bankruptcy Code. At present, the Debtors'[2] pre-petition secured lender has foreclosed upon substantially all of the Debtors' assets, the Debtors are "hopelessly insolvent," and the Court has ruled that there is no reasonable possibility of a successful reorganization.

2. Nonetheless, pre-petition secured creditor Hall/Phoenix Inwood, Ltd. ("HPI") continues to pursue a plan of reorganization for the Debtors. As a result, the Debtors and their estates continue to incur needless administrative expenses that provide no benefit to the estate and only serve to reduce any potential recovery for unsecured creditors. Because the Debtors have no realistic hope of a successful reorganization, continuing to proceed under Chapter 11 will only result in a continuing diminution of the Debtors' estates to the detriment of unsecured creditors. Accordingly, pursuant to Section 1112(b) of the Bankruptcy Code, the Movants request that this Bankruptcy Case be converted to a case under Chapter 7 of the Bankruptcy Code.

## II. FACTUAL BACKGROUND

3. The Debtors filed these cases on March 1, 2009. On July 1, 2009, the Court entered an order lifting the automatic stay and allowing HPI, by far the Debtors' largest pre-

---

[1] 11 U.S.C. §§ 101, *et seq*.
[2] The term "Debtors" as used herein collectively refers to Hallwood Energy, L.P.; Hallwood Energy Management, LLC; Hallwood Gathering, L.P.; HG II Management, LLC; Hallwood Petroleum, LLC; and Hallwood SWD, LLC, the debtors in these Chapter 11 cases.

petition secured creditor,[3] to foreclose its liens upon all of the Debtors' assets (the "HPI Stay Order"). *See* HPI Stay Order [Docket No. 369]. In connection with the HPI Stay Order, the Court found that the Debtors have no equity in any of their properties. *See* Findings of Fact at ¶ 9.

4. The Court also found that, without the foreclosed assets, the Debtors will be unable to reorganize. *Id*. at ¶ 11. Thus, upon foreclosure,[4] the Debtors will not have any significant assets to satisfy their substantial debts and there will be no reasonable possibility of reorganization. *Id*. at ¶ 13. According to HPI, the Debtors' remaining assets will consist primarily of causes of action against various parties. *See* First Amended Disclosure Statement filed by HPI at Page 26 [Docket No. 484]. As HPI so directly put it, "the Debtors, individually and collectively, are hopelessly insolvent." *Id*. at Page 6.

5. Though the Court has made clear that there is no possibility that the Debtors will be able to successfully reorganize without the foreclosed-upon assets, HPI continues to pursue confirmation of its proposed plan of reorganization for the Debtors (the "HPI Plan"). *See* Amended Chapter 11 Plan filed by HPI [Docket No. 4485]. A confirmation hearing on the HPI Plan is currently scheduled for October 7, 2009.

### III. ARGUMENT and AUTHORITY

**A.　Legal Standard**

6. Section 1112(b) of the Bankruptcy Code provides a mechanism for dealing with failing Chapter 11 cases by subjecting them to conversion to Chapter 7 or dismissal if a party-in-interest establishes "cause." 11 U.S.C. § 1112(b); *In re Hyperion Found., Inc*., 2009 WL

---

[3] According to the Court, HPI holds a claim of approximately $118,000,000, secured by a lien on all of the Debtors' assets. *See* Findings of Fact and Conclusions of Law in Support of Order Granting Motion of [HPI] for Relief from Automatic Stay at ¶ 5 (the "Findings of Fact") [Docket No. 368].
[4] Pursuant to an agreement between HPI and the Unsecured Creditors Committee, HPI agreed that it would not foreclose upon its collateral until after August 31, 2009. *See* Findings of Fact at ¶ 22.

2477392, at *2 (Bankr. S.D. Miss. Aug. 11, 2009). Section 1112(b)(1) of the Bankruptcy Code provides:

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).[5]

7.      Cause exists under Section 1112(b), *inter alia*, when the moving party shows continuing losses to the estate coupled with the absence of a reasonable likelihood of rehabilitation, or the inability to effectuate a plan of reorganization. 11 U.S.C. § 1112(b)(4)(A); *Sullivan Cent. Plaza I, Ltd. v. Bancboston Real Estate Cap. Corp. (Matter of Sullivan Cent. Plaza I, Ltd.)*, 935 F.2d 723, 728 (5th Cir. 1991). A determination of whether cause under section 1112(b) exists rests in the sound discretion of the bankruptcy court. *Sullivan*, 935 F.2d 723, 728 (5th Cir. 1991).

### B.     Cause Exists to Convert the Bankruptcy Case to Chapter 7

8.      Under the present circumstances, cause clearly exists to convert the bankruptcy Case to a proceeding under Chapter 7 because of "continuing loss to or diminution of the [Debtors'] estate[s] and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). The Court has entered a final order providing that "there is no possibility of a

---

[5] The amendments made by BAPCPA to Section 1112(b) restrict the court's role by mandating conversion or dismissal once "cause" is established unless unusual circumstances exist that demonstrate that conversion or dismissal is not in the best interest of creditors and the estate. *Hyperion*, 2009 WL WL 2477392, at *2. Simultaneously, the amendments make it more difficult for a debtor to defeat such a request once cause is established by requiring the debtor to show both that (1) there is a reasonable likelihood that a reorganization plan will be confirmed within a reasonable period of time, and (2) the grounds for granting the motion were the result of an act or omission by the debtor that was reasonably justifiable and can be cured within a reasonable period of time. *Id.* (citing 11 U.S.C. § 1112(b)(2)(A), (B)).

successful reorganization [of the Debtors] within a reasonable amount of time." *See* Findings of Fact at ¶ 13. Left with essentially no assets, it is unlikely that the Debtors will remain in business once HPI forecloses its liens. No party in interest in this case can seriously contend that the Debtors have "a reasonable likelihood of rehabilitation."

9. Moreover, as long as this Bankruptcy Case proceeds under Chapter 11, the Debtors' estates continue to suffer losses in the form of accruing administrative expenses, including professional fees. In light of the fact that the Debtors have no realistic hopes of a successful reorganization, there is no reason for the Debtors' estates to continue to incur the expenses associated with cases under Chapter 11, to the detriment of unsecured creditors. Upon foreclosure of HPI's liens, the Debtors remaining assets will primarily consist of causes of action. These causes of action and any other remaining assets can be most efficiently administered in the context of Chapter 7.

10. There are no "unusual circumstances" present in this Bankruptcy Case that dictate that conversion is not in the best interest of all parties-in-interest. To the contrary, conversion of this case will minimize the costs to the Debtors' "hopelessly insolvent" estates and maximize any potential to unsecured creditors (including HPI, which holds a significant unsecured deficiency claim). Accordingly, the Bankruptcy Case must be converted to a case under Chapter 7 of the Bankruptcy Code as a matter of law. 11 U.S.C. 1112(b)(1).

## IV. CONCLUSION and PRAYER

For the reasons set forth above, the Movants request (i) that the Court enter an order converting this case to a case under Chapter 7 of the Bankruptcy Code and (ii) awarding the Movants any further relief the Court deems appropriate.

Dated: September 2, 2009                              Respectfully submitted,

NELIGAN FOLEY LLP

By:   */s/ Nicholas A. Foley*
      Nicholas A. Foley
      State Bar No. 07208620
      nfoley@neliganlaw.com
      John D. Gaither
      State Bar No. 24055516
      jgaither@neliganlaw.com

325 N. St. Paul, Suite 3600
Dallas, Texas 75201
214.840.5300
214.840.5301 (fax)

Attorneys for Zaccanelli
Family Energy Ltd. and
Barry Schochet

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document was served on September 2, 2009 upon all parties on the Master Service List via e-mail or United States first class mail, postage prepaid, as indicated, in accordance with the Federal Rules of Bankruptcy Procedure and by e-mail upon the parties that receive notifications in this case pursuant to the Court's ECF system.

                                      */s/ Nicholas A. Foley*
                                      Nicholas A. Foley